**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-7990**

———————

KEITH D. GOODMAN,

        Plaintiff - Appellant,

    v.

GENE M. JOHNSON; HAROLD W. CLARKE; JOHN JABE; A. DAVID
ROBINSON; FRED SHILLING; KIM RUNION; J. LAFOON; Q.
BIRCHETTE; G. F. SIVELS; CASSANDRA TAYLOR; C. MAYES; C.
BAILEY; HARVARD STEPHENS, Doctor,

        Defendants - Appellees,

    and

G. ROBINSON; ELTON BROWN, Doctor; KRYM; SPRUILL, Doctor;
PRISON HEALTH SERVICES,

        Defendants.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Gerald Bruce Lee, District
Judge. (1:11-cv-00079-GBL-IDD)

———————

Submitted: April 29, 2013        Decided: May 3, 2013

———————

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

———————

Keith D. Goodman, Appellant Pro Se. Christopher Davies Supino, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith D. Goodman appeals the district court's orders dismissing and granting summary judgment to the defendants on his claims alleging deliberate indifference to his medical needs and violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (2006) ("ADA"). Generally, Goodman's claims stem from the Virginia Department of Corrections' ("VDOC") refusal to provide him with contact lenses, instead of eyeglasses, to correct his impaired vision. Goodman alleges that his eyeglasses cause him severe headaches and that prison officials have failed to adequately respond to his complaints due to their misapplication of a VDOC policy that restricts prisoners from receiving contact lenses absent a doctor's prescription ("contacts policy"). We affirm in part, vacate in part, and remand.

## I. Deliberate indifference

To succeed on his claims of constitutionally inadequate medical care, Goodman was required to allege acts or omissions on the part of prison officials harmful enough to constitute deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Meeting this high standard requires a showing that "the defendants actually knew of and disregarded a substantial risk of serious injury . . . or that they actually knew of and ignored a . . . serious need for

3

medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575 (4th Cir. 2001).

### a. Dismissals for failure to state a claim

Assuming without deciding that Goodman suffers from a sufficiently serious medical need, we consider first the district court's dismissal of Goodman's claims under 28 U.S.C. § 1915A(b)(1) (2006) and Fed. R. Civ. P. 12(b)(6). Our review is de novo, and a complaint should not be dismissed for failure to state a claim unless, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); see Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011); Slade v. Hampton Rds. Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005).

### 1. Dr. Krym, Dr. Elton Brown, and Dr. Spruill

Liberally construing the allegations in Goodman's complaint, we conclude that the district court prematurely dismissed Goodman's claims of deliberate indifference against Dr. Krym, Dr. Elton Brown, and Dr. Spruill, each of whom have treated Goodman's vision problems. As we recently discussed, a prisoner's accusation that the care he is receiving is not

4

adequate to treat his medical needs may support a claim of deliberate indifference.  De'Lonta v. Johnson, 708 F.3d 520, 526 (4th Cir. 2013) ("[A] prisoner does not enjoy a constitutional right to the treatment of his or her choice, the treatment a prison facility does provide must nevertheless be adequate to address the prisoner's serious medical need.").  Although such claims may, on closer inspection, amount to nothing more than a prisoner's disagreement with his diagnosis or prescribed treatment, prison doctors violate the Eighth Amendment if they decline to provide the level of care they deem medically necessary or fail to adequately address a prisoner's complaints that the care he is receiving is not effective.  See Miltier v. Beorn, 896 F.2d 848, 853 (4th Cir. 1990) (treating physician may be deliberately indifferent where he fails to provide level of care he believes is necessary); Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986) (failure to respond to an inmate's known medical needs raises an inference of deliberate indifference to those needs).

Here, Goodman complains that each of his doctors has refused to adequately address his complaints that his eyeglasses cause him headaches, ostensibly due to their reliance on the contacts policy and the direction of their superiors.  Because we find no support for the district court's conclusion that such reliance, if true, insulates Goodman's doctors from liability,

5

we vacate the portion of the district court's order dismissing Goodman's claims against Dr. Krym, Dr. Brown, and Dr. Spruill.[*]

### 2. G. Robinson, C. Mayes, Kimberly Runion, and Prison Health Services

Having carefully reviewed Goodman's complaint, we conclude that the district court properly found that Goodman failed to sufficiently allege claims of deliberate indifference against G. Robinson, C. Mayes, Kimberly Runion, and Prison Health Services ("PHS"). See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (internal quotation marks omitted).

Disregarding Goodman's conclusory allegations, his complaint failed to allege facts from which one might infer that G. Robinson, C. Mayes, or Kimberly Runion improperly interfered with Goodman's receipt of contact lenses or was aware that Goodman's doctors were not providing him with adequate treatment. See Iko v. Shreve, 535 F.3d 225, 242 (4th Cir. 2008) ("If a prisoner is under the care of medical experts . . ., a non-medical prison official will generally be justified in

---

[*] By this disposition we make no determination regarding the underlying merit of Goodman's claims. We simply conclude that Goodman's complaint raised allegations against his various doctors sufficient to survive preliminary review under 28 U.S.C. § 1915A(b)(1).

6

believing that the prisoner is in capable hands."). Similarly, assuming without deciding that PHS is properly subject to suit under 42 U.S.C. § 1983 (2006), Goodman failed to allege facts sufficient to indicate a likelihood that PHS has an official policy or custom of contravening the contacts policy and denying prisoners access to contact lenses in contravention of their doctors' recommendation. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 398 (4th Cir. 1990) (allegations of conduct violating official policy are not sufficient to establish that conduct occurred pursuant to official policy). Accordingly, we affirm the dismissal of Goodman's claims against G. Robinson, Mayes, Runion, and PHS.

b. **Summary judgment**

Turning to Goodman's challenge to the district court's grant of summary judgment to Gene Johnson, Harold Clarke, John Jabe, Fred Schilling, and Dr. Harvard Stephens (collectively "administrative defendants"), our review is de novo. Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir.), cert. denied, 132 S. Ct. 398 (2011). Summary judgment is appropriate where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Scott v. Harris, 550

7

U.S. 372, 380 (2007) (internal quotation marks omitted). A district court should grant summary judgment unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). An otherwise properly supported motion for summary judgment will not be defeated by the existence of any factual dispute; only disputes over facts that might affect the outcome of the suit under governing law will properly preclude summary judgment. Id. at 248-49. "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of" the nonmoving party's case. Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

We conclude that the district court did not err in finding that Goodman failed to produce evidence, sufficient to survive summary judgment, that the administrative defendants, either personally or through prison policy, interfered with his receipt of proper medical care. Instead, the materials Goodman submitted in opposition to summary judgment indicate just the opposite. Accordingly, we affirm the grant of summary judgment in favor of the administrative defendants.

## II. ADA

We also conclude that the district court properly dismissed Goodman's claim under the ADA. Assuming Goodman

8

suffers from a qualifying disability, he failed to allege facts indicating that, due to his disability, he has been deprived of benefits for which he was otherwise qualified. See Simmons v. Navajo Cnty., 609 F.3d 1011, 1021-22 (9th Cir. 2010) (prisoner could not establish violation of ADA where there was no indication that his disability was a motivating factor in his exclusion from prison programs and because "[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability"); Fitzgerald v. Corrs. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (prisoner failed to establish violation of ADA based on allegation of improper medical treatment because he would not have been otherwise eligible for treatment absent his disability). Accordingly, we affirm the dismissal of Goodman's ADA claim.

## III. Appointment of counsel

Last, Goodman challenges that district court's denial of his motion to appoint counsel. We, however, find no abuse of discretion. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984) (refusal to appoint counsel in civil case reviewed for abuse of discretion), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989).

As the district court explained, counsel should be appointed in civil cases only under "exceptional circumstances." Whisenant, 739 F.2d at 163. The existence of exceptional

9

circumstances turns on the complexity of a party's claims and his ability to present them. Id. Because Goodman's allegations do not present unduly complex factual or legal issues, and Goodman has not evidenced an inability to adequately pursue his claims, we conclude that his motion to appoint counsel was properly denied. For similar reasons, we also deny Goodman's pending motion to appoint appellate counsel.

Based on the foregoing, we vacate the district court's dismissal of Goodman's claims of deliberate indifference against Dr. Brown, Dr. Spruill, and Dr. Krym and affirm the remainder of the district court's judgment. We remand to the district court for further consideration consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED